## Commonwealth ex rel. Hovis v. Zeigler

*Roy S. F. Angle*, for relator.

*Thomas M. Painter* and *Millard A. Ullman*, for respondents.

DEPUY, P. J., August 7, 1962.—Relator, Edward N. Hovis, was elected as director of the School District of Washington Township in this county for a term of six years at the municipal election held in 1959, this being his second term. His complaint in quo warranto filed February 5, 1962, alleges that he qualified as school director and that previous to December 12, 1961, he had made application in writing to the Waynesboro Area Joint School System, of which system Washington Township is a third class district, for the position of maintenance supervisor of the system; that at a meeting of the joint board of school directors of that system on December 12, 1961, Hovis submitted in writing to the board of Washington Township his resignation as school director; that on December 19, 1961, the joint board of school directors, which included the Board of Washington Town-

ship School District, considered the applications of four persons for the position of maintenance supervisor; that among those applications was that of Hovis; that the joint board then elected to the position one Owen Alton Needham, who was to commence work on January 1, 1962; that on December 27, 1961, a regular meeting, the Washington Township School Board passed the following motion: " . . . that the Washington Township School Board does not accept the resignation of Edward N. Hovis and goes on record that the Township Board feels Mr. Hovis is needed as a member of the Township Board"; that at the said meeting the president of the board appointed a member to inform Hovis that the board would not accept his resignation and requested him to withdraw the same; that on January 9, 1962, the secretary of the Washington Township Board received from Hovis a written withdrawal of the latter's resignation from the board of school directors; that on January 9, 1962, at a special meeting of the township school board, Hovis' letter withdrawing his resignation was read; that at the said meeting, of which Hovis "had no legal written notice", after the secretary had read Hovis' letter of withdrawal of resignation, four directors present undertook to accept the resignation of Hovis as school director; that immediately afterward, two of the members of the board left the meeting in protest and orally resigned; that at the same meeting the remaining members of the board, being four in number, purported to elect one Fred C. Zeigler as school director in the place of Hovis.

The prayer of the complaint demands judgment of ouster against Fred C. Zeigler and against the Board of School Directors of Washington Township, and that Hovis be restored to his position as school director of the said board of school directors.

To this complaint, two sets of preliminary objections

were filed, one by Zeigler in the nature of demurrer to the complaint, the other in behalf of the School District of Washington Township raising questions of (a) jurisdiction, (b) demurrer.

After submission of briefs and argument, the case is mature for decision.

On the question of jurisdiction, the school directors aver that they cannot be made subject, as defendants, to the jurisdiction of this court in an action of quo warranto. Hence, they say that judgment should be entered in their favor. They are correct in that view.

At 11 Stand. Pa. Prac. p. 268, it is stated:

"An action to try title to office in a public or private corporation is brought against the officer whose title is in question. No other person is a necessary or proper party defendant."

There is a paucity of case law in Pennsylvania on the subject. In the 1957 case of Dahl v. Wooster (No. 1), 11 D. & C. 2d 677, 680, the court said:

"Our examination of the cases of the action of quo warranto where the conflict is between two persons claiming title to the same public office does not disclose a single case wherein the municipality has been a party, either plaintiff or defendant, nor has the court in any instance permitted an intervention by the municipality . . ."

We must enter judgment in favor of the Board of Directors of the School District of Washington Township.

We come now to the action against Fred C. Zeigler and the demurrer he has interposed.

The pertinent law on vacancies is found in the Public School Code of March 10, 1949, P. L. 30, 24 PS §3-315, last amended July 27, 1953, P. L. 616:

"In case any vacancy shall occur in any board of school directors by reason of death, resignation, removal from the district, or otherwise, such vacancy

shall, in a school district of the first class or of the first class A, be filled for the unexpired term by the court of common pleas of the county in which such school district is situated; and in a school district of the second, third, or fourth classes, the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty (30) days thereafter. In a district of the second, third, or fourth class, the person selected to fill such vacancy shall hold his office for the remainder of the unexpired term. If by reason of a tie vote or otherwise, such vacancy shall not have been filled by the board of school directors within thirty (30) days after such vacancy shall have occurred, the court of common pleas of the proper county, upon the petition of ten or more resident taxpayers, shall fill such vacancy by the appointment of a suitable person for the unexpired term . . ."

A reading of the section shows that all kinds of vacancy are included: death, resignation, removal from the district and otherwise. Such a vacancy shall be filled by the remaining members of the school board within 30 days after it occurs.

Defendant Zeigler says plaintiff cannot succeed in his suit because of another part of the Public School Code:

"No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act. . .": 24 PS § 3-324.

Decision of the demurrer will require us to answer these questions:

1. Does the resignation of a public officer have to be accepted before it is effective?

2. What constitutes an acceptance?

3. May a resignation once submitted be withdrawn?

On the first question, the rule in England was that a person elected to a municipal office was obliged to accept it and to perform the duties or be subjected to a penalty. Public office was regarded as a burden which the designee was bound in furtherance of the community's interest in good government to bear. Hence, after an office was conferred and assumed, it could not be laid down without the consent of the appointing power. This was required in order that the public interest need not suffer inconvenience for want of public servants to execute the laws: Edwards v. United States, 103 U. S. 471, 473.

It is interesting to note that The County Code of August 9, 1955, P. L. 327, sec. 411, provides:

"If any county officer neglects or refuses to perform any duty imposed on him by the provisions of this act, or by the provisions of any other act of Assembly, or by any rule of court, or other provision of law, he shall, for each such neglect or refusal be guilty of a misdemeanor, and, on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500)."

This language appears to focus upon the officeholder who has accepted the office but thereafter fails to carry out the duties thereof.

In the present instance, it is not likely there would have been a want of public servants to execute the school laws. The office here is not a single one but a multiple one, because of the group of school directors. The remaining directors could carry on the public business. Of course, it would be possible for all directors to resign at once.

There has been some doubt at various times and in various parts of the United States whether the English rule is applicable here. It appears that unless expressly changed, it remains in effect. The subject is discussed exhaustively in the opinion of the attorney general of

Pennsylvania in Mintzer's Resignation, 31 Pa. C. C. 601. The attorney general concludes that in Pennsylvania the rule in Edwards v. United States, cited above, applies that a public officer cannot resign his office without the consent of the appointing power: page 603.

It is important to have in mind that there are several kinds of resignation. We ought to differentiate between those which are intended to take effect immediately and those which are prospective in form. If the resignation is in such terms as to be effective immediately and unconditionally, it may be accepted immediately by the proper authority. However, if it is prospective in nature and not intended to take effect until some future time or contingency, then it cannot be accepted until the day certain.

In Commonwealth ex rel. District Attorney v. Hess, 2 D. & C. 530, 532, the court cited Biddle v. Willard, 10 Ind. 62, 66, for the proposition that:

". . . a prospective resignation may, in point of law, amount but to a notice of intention to resign at a future day, or a proposition to so resign; and for the reason that it is not accompanied by the giving up of the office—possession is still retained, and may not necessarily be surrendered till the expiration of the legal term of the office, because the officer may recall his resignation . . . He certainly can do this at any time before it is accepted; and after it is accepted he may make the withdrawal by the consent of the authority accepting, where no new rights have intervened."

In the present case, it seems clear the resignation was intended to take effect immediately. Obviously, it was tendered for the purpose of clearing the applicant, Hovis, from any impediment to election as maintenance supervisor of the school system. The Public School Code, cited above, provides against employment of a school director in any other post during his term. Hovis

interprets this as meaning he could have been elected to the maintenance job by the board during the period when he was a member thereof, but, since the work was not to commence until January 1, 1962, he would only have been under a necessity of resigning as school director any day before January 1, 1962. Defendant takes the view, however, that the statute forbids the designation of Hovis as a maintenance supervisor at any time while Hovis was a member of the school board, even though the work would not commence until a later date. We would think the public interest back of this statute is better served if it is interpreted to mean that a school director could not accept any such employment, even a prospective one, at a time when he is a member of the board.

We come now to the question of what constitutes an acceptance of a resignation. As in other parts of contract law, an acceptance may be by words or by acts. The attorney general in the Mintzer Opinion, already mentioned, states:

"There is nothing in the law that prescribes any specific mode of acceptance. The acceptance may be manifested either by a formal declaration or by the appointment of a successor, or by any unequivocal circumstances showing an intention to act upon the resignation [citing authorities]."

Without it being pleaded or a matter of evidence, it is fair that we assume that the school board was cognizant of the Public School Code at section 324, which prohibits employment of a school director by a school district, that the board intended to comply with the law, that Hovis intended to comply with the law and, therefore, did not intend to have himself considered as an applicant at the same time that he was a school director. His desire, in respect to obtaining the maintenance post and also preserving his school director status, to eat his cake and have it too, is understand-

able. But we need not follow that gambit if law and reason lead us elsewhere.

Nothing pleaded in the language of the complaint, or in the resignation of Hovis as school director at the meeting of December 12, 1961, makes the resignation in any way conditional or prospective. So we assume that it was definitively couched, intended to take effect immediately.

The complaint avers that Hovis received no legal written notice of later meetings of the Washington Township School Board. This obliges us to comment (a) this fact of itself, may support an inference that the board considered him no longer a member, and (b) if he was no longer a member, it would not have been necessary that he receive any notice of the meeting.

It is clear that the person to whom a resignation must be submitted can, by an unequivocal act, indicate an intention to act upon the resignation, without express words saying so. We think the Washington Township Board acting with the joint board in considering Hovis' application for employment did so act.

It is properly held in Commonwealth ex rel. Rehm v. Hess, 38 Lanc. 193 (1922), that resignation of a school director is not effective until it is expressly accepted by the board or until the board has signified acceptance by appointing a successor to fill the vacancy and, until accepted, it may be withdrawn.

In 30 P. L. Encyc., "Public Officers", §45, it is said:

". . . the right [to resign] is not absolute, and, generally, due acceptance of a resignation is essential in order to render it effective. . . . A resignation may be withdrawn before acceptance . . ."

In 43 Am. Jur. 23, §167, it is said:

"But the view generally prevailing is that to be effective the resignation must be accepted by competent authority, either in terms or by something tantamount to an acceptance, such as the appointment of a succes-

sor. Without acceptance, the resignation is nothing and the officer remains in office. . . ."

We think the situation in Commonwealth v. Hess is distinguishable from the present facts in that, there, the school director had sent a written resignation to the board but, at the next meeting, the board, with the director present and consenting, deferred action on the resignation to a later meeting, at which time a written withdrawal of the resignation was presented, but not accepted, and a successor was elected. On quo warranto, the successor was ousted as unlawfully holding the office, the court finding that no vacancy existed and the election void. However, in the Hovis case there was conduct on the part of the director and the board at the time of the board's consideration of Hovis' application for maintenance supervisor which, in our view, implied clearly enough that the resignation was accepted then. Later withdrawal would be of no effect.

Counsel for Hovis argues that there could have been nothing illegal in the board considering the qualifications of Hovis for the maintenance supervisor job while Hovis was school director, as long as they did not appoint Hovis. However, this begs the question in our view, as Hovis intended, not only that the board consider him, but that the board elect him. As he submitted an unconditional resignation, it is fair for us to assume that the board, in considering this applicaton, accepted his resignation. Otherwise, if they had no genuine thought that they might possibly elect him, their consideration of his application would merely have been a joke or an empty gesture. This was hardly his or their intention.

It is obvious that the township board on December 27, 1961, undertook to retain Mr. Hovis on the board, as, by their motion, they did "not accept the resignation" and expressed the feeling that he "is needed as a member of the Township Board."

Alas, the board's intention either to retain or reelect him as a director is not accomplished by this language. It is not within the terms of the statute with regard to election of a successor after a resignation. And so, the motion passed by the board, though well intended, was ineffectual.

Our view of this case is not inconsistent with that of President Judge Shughart in the case cited on behalf of Hovis: Application of Appointment of Supervisors for Hampton Township, 5 Cumberland 192 (1955). In that case, three township supervisors tendered written resignations which were received by the president judge on May 15, 1955. On May 27, 1955, at 9:30 a.m., the president judge received a special delivery letter, postmarked the same date, containing written withdrawals of the supervisors' resignations. Also on May 27, at 10:30 a.m., the president judge received a petition for appointment of supervisors to fill the vacancies created by these resignations. The court held that no new appointment could be made as the original resignations were withdrawn before the petition to appoint successors was received.

The question before us is a close one in several respects, but we feel that logic and law dictate it must be decided in the way we have outlined.

Even with the withdrawal of two members of the seven-man board, when the board acted to elect a successor, the remaining members constituted a quorum and a majority of the board had the power to act in appointing a successor for the unexpired term of Hovis.

In our view there was a vacancy. The board of school directors had a right to appoint Fred C. Ziegler as successor at their meeting of January 9, 1962.

Now, August 7, 1962, the preliminary objection of the Board of School Directors of Washington Township, Franklin County, on the question of jurisdiction is sustained. The preliminary objection of defendant, Fred

C. Zeigler, in the nature of demurrer is sustained. The complaint is dismissed at cost of relator. Exception granted to relator.